ROMERO, DAVIS #231853
Name and Prisoner/Booking Number

A.S.P.C. Eyman - Rynning Unit
Place of Confinement

P.O. Box 3100
Mailing Address

Florence, AZ 85132
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☒ FILED  ☐ LODGED

**Apr 01 2013**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Davis Michael Romero,
(Full Name of Plaintiff)      Plaintiff,

)
)
)
)

vs.                                           )   CASE NO. _____
)             (To be supplied by the Clerk)
(1) Charles Ryan,                   )
(Full Name of Defendant)         )
(2) Thomas Bell,                     )
)           **CIVIL RIGHTS COMPLAINT**
(3) A. Greene,                         )           **BY A PRISONER**
)               Jury Trial Demanded
(4) Mr. McClincy,                   )      ■ Original Complaint
Defendant(s).        )      ☐ First Amended Complaint
)      ☐ Second Amended Complaint
■ Check if there are additional Defendants and attach page 1-A listing them.

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ■ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331, <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Eyman / Rynning Unit - Florence, Arizona

**550/555**

Revised 3/9/07

## B. DEFENDANTS

1. Name of first Defendant: Charles L. Ryan _____ . The first Defendant is employed as:
Director of the Arizona Department of Corrections at _____ Central Office Phoenix, AZ _____ .
(Position and Title) (Institution)

2. Name of second Defendant: Thomas Bell _____ . The second Defendant is employed as:
Contract Doctor employed by A.D.O.C. _____ at A.S.P.C. Eyman Complex - Rynning Unit
(Position and Title) (Institution)

3. Name of third Defendant: A. Greene #2955 _____ . The third Defendant is employed as:
Correctional Officer II, Property Office _____ at Eyman Complex - Rynning Unit.
(Position and Title) (Institution)

4. Name of fourth Defendant: Mr. McClincy _____ . The fourth Defendant is employed as:
Correctional Officer Sergeant _____ at Mail Room - Eyman Complex - Rynning Unit
(Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ■ Yes     ☐ No

2. If yes, how many lawsuits have you filed? __1__ . Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: Davis Michael Romero _____ v. Joseph Arpaio et al.
        2. Court and case number: Federal District Court (Arizona) No. CV07-909-PHX-GMS (MEA)
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed on
    Summary Judgement was not appealed (closed on 8-30-2009 _____ .

    b. Second prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

    c. Third prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

Defendants (continued)

5. Name of fifth Defendant: John Doe. The fifth Defendant is employed as: to be determined later at: A.S.P.C Eyman-Rynning Unit.

6. Name of sixth Defendant: Jane Doe. The sixth Defendant is employed as: to be determined later at: A.S.P.C Eyman-Rynning Unit.

2A

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _Eighth Amendment prohibition against cruel and unusual punishment._

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ■ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. The Plaintiff, Davis Michael Romero, at all times relevant was/is confined by the Arizona Department of Corrections (A.D.O.C.) at the Eyman Complex in Browning Unit Located in Florence, Arizona.

   2. Defendant Thomas Bell is a contracted medical provider under contract with A.D.O.C. to provide medical care and services to inmates confined at Eyman Complex Browning Unit, including Davis Michael Romero.

   3. Defendant Thomas Bell at all relevant times was acting under the color of state law and is being sued in his individual and official capacity.

   4. Defendant Thomas Bell at all relevant times was a doctor employed by A.D.O.C.

   5. Defendant Charles L. Ryan is the Director of the A.D.O.C. which oversees policy and the implementation of policy including, but not limited to, the care and treatment by contracted medical providers employed by A.D.O.C. in the medical department that treats inmates, including Davis Michael Romero, housed at Eyman-Browning Unit.

   6. Defendant Charles L. Ryan at all relevant times was acting under the color of state law and is being sued in his individual and official capacity.
      (See attachment 3A-3D)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   4D. As a result of the Defendant's failure to provide the much needed medical treatment, Plaintiff suffers further injury; physical and emotional pain
   (see attachment 4D: Injury (continued))

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ■ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ■ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ■ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## Supporting Facts (continued)

7. Defendant Charles L. Ryan at all relevant times is the Director of A.D.O.C.

8. On July 23, 2012 Plaintiff wrote a Health Needs Request (HNR) requesting medical attention concerning the extreme pain he suffered in his left shoulder.

9. Plaintiff stated that he could not lift his left arm above his head due to the extreme pain he suffered while attempting this.

10. The response from the medical department was that he was put on the doctor's line and would be seen soon.

11. On August 8, 2012 Plaintiff resubmitted an 'HNR' in a request for the follow-up x-ray ordered by the then medical provider.

12. The x-ray was scheduled one month after the initial order.

13. On August 20, 2012 the x-ray was conducted and Plaintiff requested the results of the x-ray of his left shoulder.

14. On September 23, 2012 Plaintiff submitted a subsequent 'HNR' in an inquiry of the next step in the evaluation, diagnosis, and treatment in regards to the cronic pain and medical issue concerning his left shoulder.

15. Within this 'HNR' Plaintiff stated that the pain has escalated in severity.

16. On October 15, 2012 Plaintiff filed an informal resolution against the medical department claiming deliberate indifference to his cronic pain and lack of medical treatment.

17. Plaintiff received a health services communique concerning the x-ray that described matters that could only be found in an M.R.I.

18. The communique stated that the Plaintiff was placed on the med line to discuss an M.R.I.

19. The medical department acknowledged the Plaintiff's medical issue and stated that if he needed an M.R.I. he needed to submit an additional 'HNR' and pain medication could be purched from the inmate store.

3A

## Supporting Facts (Cont.)

20. On October 23, 2012 the medical department responded to this informal resolution by stating that the Plaintiff was scheduled to see the medical provider.

21. On November 2, 2012 Plaintiff submitted an additional 'HNR' concerning the treatment for the extreme pain in his left shoulder.

22. Plaintiff stated that all previous 'HNR's' had been ignored.

23. No pain medication was prescribed nor treatment provided to combat the Plaintiff's cronic medical issue.

24. On November 6, 2012 Plaintiff filed a formal grievance in case number: A37-051-012, in which he stated that the Defendant, Thomas Bell, the medical provider, refused to treat the cronic pain and the physical problem within the Plaintiff's left shoulder.

25. Plaintiff stated that the pain had continued to escalate in severity and he needed an M.R.I. be conducted to adequately diagnosis his medical concerns.

26. On December 6, 2012 Caron Grant responded that the Plaintiff's x-ray indicated no fracture, dislocation or lessions.

27. Caron Grant further stated that Thomas Bell addressed adhesions fand within the Plaintiffs left shoulder and rehabilatative exercises that could be conducted.

28. Caron Grant further stated that the M.R.I. could be granted on clinical findings and the physicians judgement not on the decision based on the patients request.

29. On December 7, 2012 Plaintiff filed a grievence appeal in an attempt to receive medical attention and the medical providers continual failure to properly diagnosis and treat the Plaintiff's serious medical need.

30. Within the grievance appeal the Plaintiff stated that he needed an

3B

M.R.I. to properly diagnosis his medical issue.

31. On February 11, 2013 Charles L. Ryan responded to the Plaintiff's grievence appeal by stating that the appeal is denied.

32. Defendant Charles L Ryan acknowledges that the Plaintiff had a slight decrease in the left arm extension and that a medical issue was present but denied further evaluation, diagnosis and treatment.

33. Defendant Charles L Ryan further stated that Defendant Thomas Bell offered a non-steroidal anti-inflammatory drug (NSAID) to help relieve pain symptoms.

34. During the evaluation by Defendant Thomas Bell on November 6, 2012, Thomas Bell suggested that the Plaintiff be given ibuprophren to combat pain.

35. Plaintiff stated to Thomas Bell that he could not take these medications due to stomach problems.

36. Defendant Thomas Bell offered no additional pain medication.

37. Defendant Charles L. Ryan further stated in his response to submit additional 'HNR's' for any other medical concern that the Plaintiff may have.

## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

38. The refusal by the Defendant's, Thomas Bell and Charles L. Ryan, to authorize the Plaintiff to undergo an M.R.I. to further diagnosi the internal medical issue regarding his left shoulder constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eignt Amendment.

39. The failure of the Defendant's Thomas Bell and Charles L. Ryan to take the appropriate steps to ensure that the Plaintiff received

the needed diagnosis and treatment, despite their own independant knowledge of Plaintiff's serious medical needs, constitutes deliberate indifference to the Plaintiff's serious medical needs.

## INJURY (Continued)

and injury.

41. The Plaintiff still suffers pain each day that threatens his health and safety with no relief.

42. The actions exhibited by the Defendant's Thomas Bell and Charles L. Ryan in refusing to order further treatment, to include, but not limited to an M.R.I., constitutes deliberate indifference to the Plaintiff's serious medical needs.

43. The inactions of the Defendant's Thomas Bell and Charles L. Ryan constitutes the unnecessary and wanton infliction of pain.

44. The Defendant's Thomas Bell and Charles L Ryan failed to conduct an adequate examination and failed to approve the appropriate tests that the Plaintiff's symptoms call for.

45. The Plaintiff is further subjected to internal injury to his left shoulder that may permantly incapacitate the normal everyday use of his left arm.

46. The Plaintiff is denied adequate exercise to advance a healthy lifestyle while incarcerated within the A.D.O.C.

3D

## COUNT II

1. State the constitutional or other federal civil right that was violated: _____
_First Amendment Right to Freedom of Expression and Publication._

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☑ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. The Plaintiff, Davis Michael Romero, at all times relevant was/is confined by the Arizona Department of Corrections (A.D.O.C.) at the Eyman Complex - Ryning Unit located in Florence, Arizona.
   2. Defendant A. Greene #2955 is a Correctional Officer II within the A.D.O.C. and works at the Eyman Complex in the Ryning Unit Property Department.
   3. Defendant A. Greene #2955 at all relevant times was acting under the color of state law and is being sued in her individual and official capacity.
   4. Defendant A. Greene at all relevant times was/is a Correctional Officer II employed by the A.D.O.C.
   5. Defendant McClincy is a Correctional Officer Sergeant within the A.D.O.C and works at the Eyman Complex - Ryning Unit Mail Room.
   6. Defendant McClincy at all relevant times was acting under the color of state law and is being sued in his individual and official capacity.
   7. Defendant McClincy at all relevant times was/is a Correctional Officer Sergeant employed by A.D.O.C.
   8. On January 16, 2013 the Plaintiff ordered photographs of non-nude female models from Elite Paralegal & Prisoner Services to which the money was deducted from the
   (See Attachment 4A-4D)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   37. The complete ban on all "allegedly sexually explicit or unauthorized material" violates the First Amendment which denies, e.g. an issue of Cosmopolitan, a
   (See 4D -

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☑ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☑ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## Supporting Facts (Continued)

Plaintiff's inmate trust account.

9. On February 22, 2013 these purchased photos arrived at the Eyman Complex - Rynning Unit Property Room by way of the Mail Department.

10. On February 22, 2013 property officer A. Greene #2955 confiscated these pictures, pursuant to policy 914.07, claiming that these photos were sexually explicit and not authorized.

11. On February 25, 2013 the Plaintiff filed an informal grievance, pursuant to policy 802, in regards to the confiscation of these photographs.

12. The Plaintiff sent this informal grievance to COIII Jackson located at the Eyman Complex Administration Department.

13. Within this informal grievance the Plaintiff specifically stated that the photographs that were confiscated by Defendant A. Greene were not sexually explicit.

14. The Plaintiff stated the photo's were photographs of non-nude female models.

15. The Plaintiff stated that these photographs did not fit the description of sexually explicit material as defined by A.D.O.C policy 914.07.

16. The Plaintiff stated that these photographs were of non-nude institutional friendly photo's of female models that could be found in publications such as Maxum Magazine and were exempt from the blanket ban of sexually explicit material.

17. CoIII Jackson has not ever responded to this informal grievance within the mandated twenty (20) days thus frustrating the grievance process.

18. On March 1, 2013 the Plaintiff filed a request for a second level review by the Office of Publication Review pursuant to policy 914.07:1.5.3.

4A

## Supporting Facts (Cont.)

19. Pursuant to policy 914.10:1.1.9.1, when an inmate requests a second level review the decision of the Division Director or Director's Designee is final and exhausts the inmates administrative remedies.

20. The Plaintiff specifically stated within this second level review that these photographs are exempt from confiscation by the institution for they were artistic in nature and non-nude photographs of female models, thus excluded from the umbrella of sexually explicit material as defined by policy 914.07.

21. The Plaintiff further stated that to justify the violation of policy, and confiscation of these photographs they must feature nudity and/or sexual behaviors/acts and/or the publication is promoted based on such depictions as defined by policy 914.07:1.1.

22. On March 5, 2013 Defendant McClincy intercepted this correspondence to the Office of Publication Review and responded to this request for review and stated that sexually explicit does not apply to photographs.

23. Defendant McClincy further stated that the photographs fall under unauthorized material if they are ment to encourage unacceptable sexual behavior, self gratification, and are interpreted as sexual in nature in any way—Artistic or Not.

24. As the Plaintiff explained these photos were that of non-nude female models that were artistic in nature and not aimed at the prurient interest in sex.

25. Defendant failed to visually review these photographs to determine that they were not sexually explicit or unauthorized material due to them not being aimed at the prurient interest in sex and were of non-nude female models.

Supporting Facts (cont.)

26. Defendant McClincy further violated policy 914.10 by arbitrarly reviewing and responding to this matter.

27. Per policy 914.07 second level review is mandated to be completed by an outside source and not done within the facility to which the confiscation was executed.

28. On March 24, 2013 the Plaintiff filed a formal grievance concerning this matter and still awaits a response.

29. The Plaintiff states that more defendant's may become known after discovery has been requested.

## VIOLATION OF THE FIRST AMENDMENT

30. The language of policy 914.08:1.1.18 that states "Pictures, photographs, illustrations, test or other content that may encourage unacceptable sexual ... behaviors" are Unauthorized Publications and Material is to broad and violates the First Amendment Right to Freedom of Expression and Publication.

31. The interpretation of this policy by Defendants A. Greene #2955 and Mr. McClincy to which Mr. McClincy states is "self gratification and are interpreted as sexual in nature in any way - Artistic or Not" is a subjective interpretation which is unconstitutional and violates the First Amendment.

33. The language of policy 914.08:1.1.18 is unconstitutional for in creates a blanket ban on all photographs and publications that may be subjectively interpreted as sexually in nature in any way.

4C

## Supporting Facts (Cont.)

34. The complete and total ban of all photos and publications that contain, or are of, non-nude female models under the sexually explicit and unauthorized material label at the discretion of the Defendant's A. Greene and Mr. McClincy, John Doe and/or Jane Doe, is grossly exaggerated and constitutes a violation of the First Amendment.

35. The complete and total ban of all photographs of non-nude female models, or publications that contain such photographs, under the umbrella of sexually explicit or unauthorized material without further independant review violates the First Amendment and due process.

36. The total ban of all non-nude female photographs and/or publication that contain such photo's is a grossly exaggerated ban under the umbrella of sexually explicit or unauthorized material open for subjective personal opinion and interpretation.

## INJURY (Cont.)

a picture of the Sistine Chapel, the Sports Illustrated swimsuit issue, issues of Vanity Fair, Rolling Stone, Maxim, and various fitness and motorcycle magazines that contain ads of photos showing a portion of a buttock or a breast, or T.V. shows, that show females clad in skimpy bathing suits, Victoria Secrets Fashion Shows, and any other visual depiction of a female in skimpy clothing.

38. The Defendant's, A. Greene #2955 and Sergeant McClincy, have completely restricted any /all photos, or publications that contain,

40

non-nude female models under their subjective interpretation of the policy which restricts models in swimsuits, celebrity photos, tastefull non-nude female photos to be used in artistic drawings, and any other photo or publication that is sexual in nature in any way by their subjective interpretion.

39. The Defendant's A. Green and Sergeant McClincy have restricted art books, photography instruction manuals, and any/all scientific or anthropological study books or manuals that contain non-nude female models or are for scientific study.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

WHEREFORE, Plaintiff request that this Court grant the following relief:
A. Declare that Defendants Thomas Bell and Charles L. Ryan violated Plaintiff's Eight
Amendment rights when they refused to adequately diagnos and treat the serious
medical issue of the Plaintiff;
B. Declare that Defendant's Thomas Bell and Charles L. Ryan violated Plaintiff's Eighth
Amendment rights to medical care;
( See Attach ment 6A-

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___4-1-2013___
                 DATE

_____
          SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Request for Relief  (Continued)

C. Issue an injunction requiring that Defendant's Thomas Bell and
Charles L. Ryan to provide an adequate medical diagnosis of the
serious medical issue suffered by the Defendant's to take the
appropriate steps to medically treat the Plaintiff's serious medical
needs that result in extreme cronic pain, to include, but not
limited to an MRI. to appropriately diagnos the Plaintiff's left
shoulder;

D. Award compensatory damages for Plaintiff's physical and emotional
injuries, and punitive damages against each defendant;

E. Declare that Defendant's A. Greene #2955 and Mr. McClincy violated
the Plaintiff's First Amendment rights when they implemented a
total ban on all non-nude female photo's or publications that contain
such photographs at their own discretion and subjective interpetation;

F. Issue an injunction requiring Defendant's A. Greene #2955 and
Mr. McClincy to cease and desist their arbitrary practices that
continually violate policy 914;

G. Declare that policy 914.08:1.1.18 and the definition of nudity
within policy 914 for exclusion purposes is unconstitutional and
violates the First Amendment;

H. Issue an injunction preventing the Defendant's Thomas Bell,
Charles L. Ryan, A. Greene, Mr. McClincy, and any/all other
institutional staff within the Eyman Complex from any/all
campaigns of any/all harassment and/or retaliatory action, to
include, but not limited to, loss of employment, continual cell
searches, loss of privileges, and any/all arbitrary action toward
the Plaintiff in retaliation for initiating this 1983 civil action;

6A

Request for Relief (Cont.)

I. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.