WO                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Davis Michael Romero,

                Plaintiff,

vs.

Charles Ryan, et al.,

                Defendants.

No.  CV 13-665-PHX-GMS (MEA)

**ORDER**

Plaintiff Davis Michael Romero, who is confined in the Arizona State Prison Complex-Central Arizona Correctional Facility, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 8).  In a June 5, 2013 Order, the Court denied the Application to Proceed with leave to refile.  On June 26, 2013, Plaintiff filed a new Application to Proceed (Doc. 8).  The Court will order Defendants Greene and McClincy to answer Count Two of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.**      **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $31.99.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court

TERMPSREF

1   will enter a separate Order requiring the appropriate government agency to collect and

2   forward the fees according to the statutory formula.

3   **II.      Statutory Screening of Prisoner Complaints**

4          The Court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or an officer or an employee of a governmental entity.  28

6   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

8   which relief may be granted, or that seek monetary relief from a defendant who is

9   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10         A pleading must contain a "short and plain statement of the claim *showing* that the

11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

12  does not demand detailed factual allegations, "it demands more than an unadorned, the-

13  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  *Id.*

16         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable

20  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

21  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

22  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

23  specific factual allegations may be consistent with a constitutional claim, a court must

24  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

25  at 681.

26         But as the United States Court of Appeals for the Ninth Circuit has instructed,

27  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

28  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections Director Charles L. Ryan; Contract Doctor Thomas Bell; Correctional Officer II A. Greene; Sergeant McClincy, and Unknown Parties.

Plaintiiff raises two claims for relief.  In Count One, Plaintiff claims his Eighth Amendment rights were violated when he was denied an MRI.  Plaintiff alleges that on July 23, 2012, he requested medical attention for extreme pain in his left shoulder that prevented him from lifting his arm above his head.  Plaintiff was given an x-ray on August 8, 2012.  The x-ray indicated that Plaintiff had not suffered a fracture, dislocation, or lesions in the shoulder.  Plaintiff states that he received a "communique" from the medical department describing "matters that could only be found in an MRI," and informing Plaintiff that he had been placed on the med line to discuss an MRI.  Plaintiff then submitted a Health Needs Request asking for the MRI to be conducted.  Plaintiff claims that Defendant Bell denied the MRI and Plaintiff filed a formal grievance regarding the denial of an MRI.  On December 6, 2012, Plaintiff received a response to the grievance stating that Defendant Bell had "addressed adhesions found within the Plaintiff's left shoulder and rehabilitative exercises that could be conducted," and that an "MRI could be granted on clinical findings and the physician's judgment not on the . . . patients request."

Plaintiff appealed the denial of his grievance. On February 11, 2013, Defendant Ryan denied the appeal, acknowledging "that Plaintiff had a slight decrease in the left arm extension and that a medical issue was present but denied further evaluation, diagnosis, and treatment."  The denial also noted that Plaintiff was offered a non-steroidal anti-inflammatory drug (NSAID) to relieve pain.  Plaintiff states that in November 2012, Defendant Bell suggested that Plaintiff be given ibuprofen to combat pain, at which time

Plaintiff informed Defendant Bell he could not take ibuprofen because of stomach problems.  Plaintiff states that Defendant Bell did not offer any other pain medication.

Plaintiff claims that Defendants' refusal to authorize an MRI constitutes deliberate indifference and that he continues to experience pain in his shoulder.

In Count Two, Plaintiff alleges his First Amendment rights were violated when Defendant Greene confiscated Plaintiff's "photographs of non-nude female models from Elite Paralegal & Prisoner Services," pursuant to an Arizona Department of Corrections (ADOC) policy that prohibits sexually explicit photos.  Plaintiff claims that the photos were "non-nude institutional-friendly photos of female models that could be found in publications such as Maxim Magazine and were exempt from the blanket ban of sexually explicit material."

Plaintiff states that he attempted to grieve the denial of the photos and that, on March 5, 2013, Defendant McClincy intercepted Plaintiff's correspondence to the Office of Publication Review and informed Plaintiff that the photographs fall under unauthorized material if they are meant to encourage "unacceptable sexual behavior, self gratification, and are interpreted as sexual in nature in any way–artistic or not."  Plaintiff also claims that Defendant McClincy failed to review the photographs himself to determine whether there were sexually explicit or unauthorized.

Finally, Plaintiff claims that ADOC's policy prohibiting published material that encourages unacceptable conduct is too broad and that Defendants Greene and McClincy's interpretation of the policy is unconstitutional.

Plaintiff seeks injunctive relief and money damages.

## IV.    Failure to State a Claim

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need"

by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).   "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Plaintiff has not alleged facts sufficient to demonstrate that Defendants Bell or Ryan were deliberately indifferent to his serious medical needs.  Plaintiff's claims show

that he received consistent medical attention, including an x-ray and rehabilitative exercises, for his shoulder injury.  Although Plaintiff claims he was not offered anything beyond ibuprofen for pain, it is unclear whether Plaintiff requested different medication for his shoulder or whether alternate medication was available to him through the inmate store.  Although Plaintiff claims that Defendants denied him an MRI, Plaintiff has not shown that the MRI was medically necessary; Plaintiff's facts demonstrate, at best, that he disagrees with Defendant Bell's determination that an MRI was not warranted.  A difference of opinion as to treatment does not constitute deliberate indifference and the Court will dismiss Count One for failure to state a claim.

**V.      Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a First Amendment claim in Count Two and the Court will require Defendants Greene and McClincy to answer Count Two.

**VI.     Warnings**

**A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.      Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also,

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $31.99.

(3)    Count One is **dismissed** without prejudice.

(4)    Defendants Ryan, Bell, and Unknown Parties are **dismissed** without prejudice.

(5)    Defendants Greene and McClincy must answer Count Two.

(6)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Greene and McClincy.

(7)    Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(8)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1    (11)   **A Defendant who agrees to waive service of the Summons and**
2    **Complaint must return the signed waiver forms to the United States Marshal, not**
3    **the Plaintiff.**

4    (12)   Defendants must answer the Complaint or otherwise respond by
5    appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
6    the Federal Rules of Civil Procedure.

7    (13)   Any answer or response must state the specific Defendant by name on
8    whose behalf it is filed.  The Court may strike any answer, response, or other motion or
9    paper that does not identify the specific Defendant by name on whose behalf it is filed.

10   (14)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to
11   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
12   authorized under 28 U.S.C. § 636(b)(1).

13   Dated this 30th day of September, 2013.

14

15

16   _____

17   G. Murray Snow
     United States District Judge
18

19

20

21

22

23

24

25

26

27

28